RICHARD WHEATON, Petitioner-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Respondents-Appellees.

Second District    No. 79-98

Opinion filed February 5, 1981.

Joseph Spiezer, of Spiezer, Thorsen & Ellerby, of Rockford, for appellant.

Ralph E. Yalden, II, of Downey, Yalden, Shriver & Yalden, and Joseph D. Olsen and David E. Mayfield, both of Guyer, Enichen & Mayfield, both of Rockford, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal from that portion of an order of the circuit court of Winnebago County which refused to reduce hospital and physician's liens.

Petitioner, Richard Wheaton, was seriously injured in an automobile accident on September 30, 1977. The driver of the other car, Reesie Alexander, had an insurance policy which provided a maximum of $10,000 per person for any one accident. Based upon that limit the petitioner settled his case for $10,000.

Petitioner incurred medical and hospital charges in the treatment of his injuries. He received $1,300 in medical assistance from the Illinois Department of Public Aid (Department). Additionally, a balance of

$2,366.67 remained outstanding from his hospitalization in the Swedish American Hospital (Hospital). Petitioner also owed the Canfield Clinic (Clinic) and Rockford Anesthesiologists (Rockford) $1,169 and $430, respectively, for services rendered in the treatment of his injuries. Pursuant to section 11—22 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—22), the Department filed a public aid lien against the settlement. The Hospital asserted a hospital lien as provided in the hospital liens act (Ill. Rev. Stat. 1977, ch. 82, par. 97), and the Clinic and Rockford filed physicians' liens under the physicians' liens act (Ill. Rev. Stat. 1977, ch. 82, par. 101.1).

The petitioner filed a petition for adjudication of the various liens. The parties stipulated that the liens of the Department for $1,300, of the Hospital for $2,366.67, of the Clinic for $1,169, and of Rockford for $430 were proper as to amount and validity. The trial court reduced the lien of the Department from $1,300 to $50 but ruled that the hospital and physicians' liens asserted by the Hospital and by the Clinic and Rockford could not be reduced. Petitioner appeals.

Petitioner first contends that the "fund" doctrine adopted by the Illinois courts in *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 119, 361 N.E.2d 1100, should apply to hospitals and physicians' liens. The "fund" doctrine is a theory of recovery by an attorney and is based on the equitable concept that an attorney who performs services in creating a fund should in equity and good conscience be allowed compensation out of the whole fund from all those who seek to benefit from it.

The *Baier* court held that where a fund had been created as a result of legal services performed by an attorney for his client, *e.g.*, settlement of a personal injury claim, and a subrogee of the client, his insurance company, sought to benefit from the settlement, the attorney was entitled to a fee from the subrogee in proportion to the benefit received by the subrogee.

■■ Petitioner seems to argue that the so-called "fund doctrine" allows him credit out of amounts otherwise distributable to respondents for the services of his attorney performed in creating the fund. In *Maynard v. Parker* (1979), 75 Ill. 2d 73, 387 N.E.2d 298, the Illinois Supreme Court held that the fund doctrine approved in *Baier* did not permit a trial court to order a hospital, which had filed a hospital lien, to pay a portion of the attorney's fee incurred in effecting the recovery of a personal injury settlement. The court distinguished liens arising under the Illinois hospital liens act (Ill. Rev. Stat. 1977, ch. 82, par. 97) and the situation in *Baier* where the insurance company-subrogee made the insured-subrogor an interest free loan which was to be repaid only if a recovery from the tortfeasor was effected. The *Maynard* court said:

"Here the plaintiff's liability to the hospital was not dependent

upon the creation of a fund; plaintiff was a debtor obligated to pay for the services rendered by the hospital out of any resources which might become available to him." (75 Ill. 2d 73, 75, 387 N.E.2d 298, 300.)

We find that *Maynard* is controlling on the issue of the application of the "fund" doctrine to hospital liens, and the trial court correctly refused to apply it to the lien of the Hospital. Because the "unconditional obligation" rationale of *Maynard* applies as well to physicians' liens as to hospital liens, we also refuse to apply the "fund" doctrine to the liens of the Clinic and Rockford.

We also find petitioner's second contention without merit. He argues that the trial court had the authority to reduce the hospital and physicians' liens. The Illinois hospital liens act (Ill. Rev. Stat. 1977, ch. 82, par. 97) provides in pertinent part: "Every hospital * * * rendering service in the treatment of such injured person shall have a lien upon all such claims and causes of action * * * [p]rovided, however, that the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person * * *." The Illinois physicians' liens act (Ill. Rev. Stat. 1977, ch. 82, par. 101.1) grants a lien to physicians in substantially the same language and subject to the same condition that all physicians' liens do not exceed one-third of the sum paid the injured person.

■■ Both the hospital liens act and the physicians' liens act provide for the "adjudication" of the lien rights of all parties interested in a personal injury settlement or judgment. (Ill. Rev. Stat. 1977, ch. 82, pars. 101 and 101.6.) But the "adjudication" of such liens in no way authorizes a trial court to reduce the amount of the liens so long as the total amount of liens filed under each act is not in excess of one-third of the settlement.

The court in *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073, while holding that a claim under the hospital liens act was premature, commented that there was no statutory justification for trial court reduction of hospital liens. *O'Donnell* distinguished the well-settled practice of trial court reduction of liens pursuant to the Public Aid Code (see, *e.g., Johnson v. Lynch* (1977), 66 Ill. 2d 242, 362 N.E.2d 345), a practice which was utilized in the case at bar, stating:

"This distinction is drawn because the hospital liens act does not bifurcate the duties of the circuit court as does the Public Aid Code. Under the Hospital Liens Act, the court is only charged with the responsibility of adjudicating and enforcing hospital liens pursuant to a mechanical 'one-third of proceeds' formula, whereas the Public Aid Code grants court discretion concerning settlement approval and lien adjudication." (71 Ill. App. 3d 1, 13-14, 388 N.E.2d 1073, 1083.)

Because the lien of the Hospital was in the amount of $2,366.67, and did

not exceed one-third of the $10,000 settlement, the trial court correctly refused to reduce it. The combined amounts of the liens under the physicians' liens act, $1,169 for the Clinic and $430 for Rockford, were also not in excess of one-third of the amount received by the petitioner, and we agree with the trial court's conclusion that it was without authority to reduce the physicians' liens.

Accordingly, we affirm the order of the Circuit Court of Winnebago County.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.