*In re* ESTATE OF SHANNON ENLOE, a Minor.—(St. John's Hospital, Petitioner-Appellee, *v.* Shannon Enloe, by Warren Enloe, Guardian of the Person of Shannon Enloe, *et al.*, Respondent-Appellant.)

Fourth District   No. 4—82—0108

Opinion filed October 26, 1982.

Knuppel, Grosboll, Becker & Tice, of Petersburg (R. John Alvarez, of counsel), for appellant.

Graham and Graham, of Springfield (Richard J. Wilderson, of counsel), for appellee.

Nolan Lipsky, of Petersburg, guardian ad litem.

JUSTICE MILLS delivered the opinion of the court:
Hospital lien allowed below.
We affirm, as modified.

The minor, Shannon Enloe, appeals from the finding of the trial court that the hospital had a valid and enforceable lien. The lien was filed under the authority of section 1 of "An Act providing for a lien for nonprofit hospitals ***" (Ill. Rev. Stat. 1979, ch. 82, par. 97) (Hospital Liens Statute) which provides for hospital liens upon claims of injured persons treated by such hospital. Shannon was under two years old during the periods of her treatment.

It is urged that (1) there was no valid underlying contract between the infant and the hospital; (2) the parents are solely liable for medical bills of an infant under section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1015) (Family Expenses Statute); and (3) there was a failure to show strict compliance with the statutory procedural prerequisites for a valid lien. It is also argued (4) that, even if there is liability under the lien, the amount of the award should be reduced.

We affirm the finding of liability and modify the finding as to the amount.

Shannon Enloe was born on August 12, 1979. Eight days later, she was involved in a vehicle accident resulting in her hospitalization at St. John's Hospital in Springfield. On June 1, 1981, a petition was filed by Warren Enloe as the guardian of Shannon Enloe, alleging that the child had been injured when the pickup truck in which she was a passenger overturned and that the pickup truck was owned by Donald R. Winterbauer and driven by Cherrill Battaglia. The petition requested the court to approve a settlement of respondent's claim against Winterbauer. The petition also alleged that Shannon had been injured in the accident and hospitalized for treatment at St. John's. St. John's filed a lien for the amount of hospital charges with the law firm of Knuppel, Grosboll, Becker and Tice, as attorneys for Shannon. The petition requested the court to determine whether St. John's lien was valid and enforceable. The court approved the settlement but stated it had no authority to pass on the validity of the lien.

Through matters not entirely clear from the record, St. John's Hospital apparently became the petitioner of record and subsequently filed a motion to reconsider and vacate and to enforce the lien. A hearing was held on this motion on November 3, 1981. The court entered an order on February 2, 1982, finding that the lien should be sustained and was adjudged to be in the sum of $11,627.91.

## I

■ We do not deem it necessary to respond to the various arguments concerning the existence of a valid underlying contract be-

tween the infant and the hospital since we conclude that the validity of a lien under the Hospital Liens Statute is not dependent upon common law contract theories. Section 1 of the statute provides:

> "Every hospital organized for nonprofit, or hospital maintained and operated entirely by a county, rendering service in the treatment, care and maintenance, of such injured person shall have a lien upon all such claims and causes of action for the amount of its reasonable charges at ward rates in such hospital organized for nonprofit, or hospital maintained and operated entirely by a county up to the date of payment of such damages." (Ill. Rev. Stat. 1979, ch. 82, par. 97.)

General language can be found that no lien attaches without an underlying debt. (See 51 Am. Jur. 2d *Liens* sec. 36 (1970).) However, we interpret the clear and mandatory language of the statute as creating such debts and liability of the injured person secured by lien, regardless of any such remedy at common law.

## II

Minor's second argument is that parents are solely liable for the medical expenses of their minor children under the Family Expenses Statute, and, therefore, the infant cannot be held liable under the Hospital Liens Statute. Section 15 of the Family Expenses Statute provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1981, ch. 40, par. 1015.)

Medical expenses are properly considered expenses of the family under this statute. (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444.) Minor notes that the statute states the parent "shall be" liable for the expenses and concludes that this mandatory language renders the parents solely liable. The hospital also points out that in *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211, the court stated the parents were primarily liable under the statute. However, in that case the distinction between the person primarily liable and one secondarily liable was crucial since the case dealt with subrogation which applied only when a debt was paid for one who was primarily liable. The primary-secondary distinction is not crucial to this case.

We agree with petitioner that the statute merely provides an alternative remedy for creditors. Chargeable means "capable of being

charged to a particular account or as an expense or liability \*\*\*." (Webster's Third New International Dictionary 377 (1976).) Had the legislature intended for this statute to be the sole remedy for creditors, the legislature could easily have stated that the expenses "shall be charged" upon the property of the parents. Since the legislature instead merely stated the expenses shall be capable of being charged to the family's property, it follows that this is not an exclusive remedy and therefore it does not conflict with the clear language of the Hospital Liens Statute.

### III

Shannon Enloe's final attempt to avoid liability under the lien statute concerns the failure of St. John's to affirmatively show strict compliance with the procedural requisites of the statute. The second paragraph of section 1 of the Hospital Liens Statute provides that the lien be served "by registered mail or in person" on "both the injured person and the party against whom such claim or right of action exists." (Ill. Rev. Stat. 1979, ch. 82, par. 97.) Minor asserts that the lien is ineffective because there is no proof of compliance with these requirements.

■ The hospital argues this issue is waived since it was not raised below. (*Snow v. Dixon* (1977), 66 Ill. 2d 443, 362 N.E.2d 1052.) The minor replies that there is an exception to the general waiver rule when there are sufficient facts in the record for the issue to be reviewed. (*People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 335 N.E.2d 448.) However, this exception only applies if proof might have been offered to refute or overcome the issue had the issue been presented in the trial court. In the present case, there was no testimony as to how the liens were served upon the parties and such proof might easily have been offered by petitioner if the issue had been raised. Furthermore, although there was testimony as to whom the liens were served upon, this does not preclude the possibility that such testimony was incomplete since it was not offered with the purpose of showing compliance with the procedural requirements of the liens statute. Since proof might have been offered—had the issue been raised at trial—on both of these procedural requirements, we find the issues waived.

Shannon also notes that portion of the statute providing the hospital shall have a lien "for the amount of its reasonable charges at ward rate in such hospital," and asserts that there was no evidence of what were "reasonable charges" or "ward rates." An administrative officer of the hospital testified that the hospital had no wards, but

that it did have two-bed rooms and private rooms. He also testified that Shannon was billed at "ordinary rates" and "usual and customary rates" for two-bed rooms. Minor urges that the liens are invalid for failure to prove that the amounts claimed by the liens are allowed by the statute.

But St. John's has argued that since the hospital's witness testified that the billings were at the "usual and customary rates," this is sufficient testimony that the charges were reasonable. Furthermore, although there are no wards at St. John's, it could not have been the intention of the legislature to preclude recovery of charges by a hospital which has no wards.

Webster's Third New International Dictionary 2575 (1976) defines ward as "a large room in a hospital where a number of patients are accommodated," and gives as examples a four-bed ward or a 12-bed ward. Since there is a fairly wide discrepancy in the number of beds which can constitute a ward under the accepted definition of that term, we believe that a two-bed room comes within the range of the plain meaning of the term "ward." We note that the amount recoverable is the "reasonable charges at ward rates in *such hospital*." (Emphasis added.) Thus, the reasonableness of the charges depends upon the particular hospital filing the lien. Therefore, the testimony that respondent was charged at the "usual and customary rates" for two-bed rooms suffices to support the conclusion that the amounts claimed by the liens were authorized by the statute.

## IV

Finally, we agree with the trial court that the liens are valid. But, the trial court found the liens to total $11,627.91, being the total sum of all the bills submitted into evidence at trial. It appears, however, that liens were filed on only four of these bills, totaling $11,043.06. The hospital here has argued that the finding of the trial court as to the amount of the lien cannot be disturbed unless it is against the manifest weight of the evidence. St. John's also notes that the Hospital Liens Statute provides that "the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action ***." (Ill. Rev. Stat. 1979, ch. 82, par. 97.) It is argued that the only justification for the trial court's reduction of the hospital lien is if it exceeds one-third of the total amount of the recovery by the injured person. *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073.

It is clear, however, that the reference in the *O'Donnell* case to the limitation of the power to reduce the lien assumes that the lien is

in fact for at least as much as is awarded under the lien. The trial court's finding is against the manifest weight of the evidence and we do not believe the statute limits our power to reduce the award to the amount of charges for liens which were filed. Therefore, pursuant to the power granted this court by Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), we find that the total amount of the valid and enforceable liens is $11,043.06.

Any excess monies from the settlement proceeds of $82,500 which have not already been paid to the successor guardian of the minor's estate, the State Bank of Lincoln, shall be distributed to the State Bank of Lincoln.

Affirmed as modified.

WEBBER and TRAPP, JJ., concur.