*In re* ESTATE OF DAVID GENE McMILLAN, a Disabled Adult—(St. Louis University Hospitals, Petitioner-Appellant, *v.* Estate of David Gene McMillan, Respondent-Appellee—(The Department of Public Aid, Intervenor-Appellee)).

Fifth District No. 82—611

Opinion filed July 7, 1983.

Terry J. Galganski, of Whaley and McAuliffe, of Clayton, Missouri, for appellant.

J. Mark Maclin, of DuQuoin, for appellee Estate of David Gene McMillan.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen J. Lien, Assistant Attorney General, of counsel), for appellee Illinois Department of Public Aid.

JUSTICE WELCH delivered the opinion of the court:

David Gene McMillan, of Dowell, Illinois, was severely injured in an automobile accident on July 25, 1978, when he was 16 years old. He was riding home from a softball game in a car driven by Kevin Toler when it was struck by a vehicle driven by Charlotte Pedigo. Pedigo, an uninsured motorist with no assets, was convicted for driving while intoxicated and sentenced to a term of imprisonment at the Dwight Correctional Center. David suffered brain-stem injuries which rendered him a spastic quadriplegic.

David was adjudicated a disabled person on March 17, 1981, and his mother, Maribel McMillan, was appointed his guardian. At a hearing on August 31, 1982, the trial court viewed a portion of the ABC television program "20/20" which showed the extent of the youth's injuries while he was at the Rehabilitation Institute of Chicago. The court also heard testimony concerning the accident and the proposed

insurance settlement with Kevin Toler, who was insured by the Country Mutual Insurance Company. Although Toler's uninsured motorist coverage had maximum limits of $10,000 liability and $5,000 medical, Country Mutual offered a $50,000 settlement after the comparative negligence doctrine was adopted in Illinois. Maribel McMillan, as David's guardian, testified that she would accept the settlement, subject to the court's approval. Accordingly, in an order dated August 31, 1982, the circuit court of Jackson County approved the proposed settlement and ordered payment of $50,000.

A subsequent hearing was held on September 28, 1982, to adjudicate claims filed against the estate for medical expenses incurred as a result of David's treatment. St. Louis University Hospitals filed liens totaling $22,090.74 for hospital services and supplies between July 26 and October 12, 1978, pursuant to section 1 of "An Act providing for a lien for nonprofit hospitals ***" (Ill. Rev. Stat. 1981, ch. 82, par. 97). The Illinois Department of Public Aid filed liens of $91,661.73 for medical payments made between July 25, 1978, and March 12, 1982. The Department of Public Aid's liens were filed against the estate pursuant to section 11—22 of the Illinois Public Aid Code (Ill. Rev. Stat. 1981, ch. 23, par. 11—22).

From the $50,000 settlement, the trial court ordered payment of $200 for guardian *ad litem* fees, $11,500 for attorney fees on behalf of the estate, $6,627 for payment of the liens of St. Louis University Hospitals, $9,166.77 for payment of the public aid liens and $22,506.83, plus interest, for Maribel McMillan as guardian of her son's estate. St. Louis University Hospital has appealed.

On appeal, the hospital raises two issues. First the hospital asserts that the trial court erred in its adjudication of the hospital's lien because the statutory provisions concerning hospital liens mandate an adjudication of its lien in this case equal to $16,666.67, one-third of the settlement proceeds collected by the McMillan estate. (Ill. Rev. Stat. 1981, ch. 82, par. 97.) Secondly, the hospital argues that the trial court abused its discretion in its adjudication of Illinois Department of Public Aid liens based upon the evidence presented. In addition to the estate's brief, responding to each of these issues, the Illinois Department of Public Aid has filed a brief, through the Attorney General of Illinois, as intervenor-appellee. The Department argues that the adjudication of its lien was correct and that St. Louis University Hospital has no standing to challenge its lien. Because we find the hospital's first argument to be dispositive of this appeal, we need not address the other arguments raised.

The hospital's first assertion is that the trial court erred in its ad-

judication of its lien because a lien equal to one-third of the settlement proceeds is mandated by statute. (Ill. Rev. Stat. 1981, ch. 82, par. 97.) The statute provides:

> "Every hospital organized for nonprofit, or hospital maintained and operated entirely by a county, rendering service in the treatment, care and maintenance, of such injured person shall have a lien upon all such claims and causes of action for the amount of its reasonable charges at ward rates in such hospital organized for nonprofit, or hospital maintained and operated entirely by a county up to the date of payment of such damages.
>
> Provided, however, that the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action, and provided further, that said lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the hospital organized for nonprofit, or hospital maintained and operated entirely by a county, and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, shall be served on both the injured person and the party against whom such claim or right of action exists.
>
> Service shall be made by registered mail or in person." (Ill. Rev. Stat. 1981, ch. 82, par. 97.)

Under this statute, the hospital contends it is entitled to payment of $16,666.67, instead of the $6,627 awarded by the trial court. The hospital reasons that the statute requires use of a "mechanical" one-third formula with no court discretion except to reduce a hospital lien in excess of one-third of the sum paid or due the injured person to an amount equal to one-third of the sum paid. See *Wheaton v. Department of Public Aid* (1981), 92 Ill. App. 3d 1084, 416 N.E.2d 780; *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073.

In *O'Donnell*, a 16-year-old boy suffered a broken neck and was rendered quadriplegic when he dove from a water-slide into an above-ground swimming pool. Before trial, plaintiff reached a settlement with the manufacturer and retailer of the slide, with the plaintiff to receive a lifetime annuity of $22,000 per year, with 3% increments compounded annually. A portion of the boy's medical care had been provided by Oak Forest Hospital, operated by the Health and Hospitals Governing Commission of Cook County. A balance of $10,898.75

remained due, so the hospital asserted a lien pursuant to section 1 of "An Act providing for a lien for nonprofit hospitals ***" (Ill. Rev. Stat. 1977, ch. 82, par. 97) and perfected its lien by sending notice by registered mail to all parties. The trial court ordered that the plaintiff pay the hospital $500 out of the first year annuity payments and continued adjudication of the liens for one year. The hospital appealed.

The appellate court affirmed and remanded, noting that in order for the hospital to fully enforce its lien, the plaintiff would have to receive or have due him about $33,000; therefore, since the plaintiff's right to receive payment was conditioned upon his life, the hospital's claim for full enforcement of its lien was premature. The appellate court went on to state, in *dicta*, that when considering a hospital lien, "the court is only charged with the responsibility of adjudicating and enforcing hospital liens pursuant to a mechanical 'one-third of proceeds' formula," with no trial court discretion. *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 13, 388 N.E.2d 1073, 1083.

In *Wheaton v. Department of Public Aid*, the plaintiff, injured in an automobile accident, settled his case for $10,000. After treatment, a balance of $2,366.67 was due to the Swedish American Hospital, which filed a lien for that amount. The trial court ruled that the hospital's lien could not be reduced and plaintiff appealed. The appellate court affirmed, holding that as long as the lien of a hospital does not exceed one-third of the settlement, the trial court has no authority to reduce the lien. *Wheaton v. Department of Public Aid* (1981), 92 Ill. App. 3d 1084, 1086, 416 N.E.2d 780, 782.

Since *O'Donnell* and *Wheaton*, this statutory provision has been discussed in *In re Estate of Enloe* (1982), 109 Ill. App. 3d 1089, 441 N.E.2d 868. Shannon Enloe, under the age of two during medical treatment, was injured in an automobile accident when she was eight days old. A hospital lien was entered by the trial court in the amount of $11,627.91. The appellate court observed that liens had been filed only in the amount of $11,043.06. The hospital argued, citing *O'Donnell*, that the appellate court could not reduce the lien because the only justification for reduction of a hospital lien is if it exceeds one-third of the total amount of recovery. The appellate court rejected this argument and affirmed the trial court as modified. The court held that the *O'Donnell* limitations of the power to reduce liens did not allow the trial court to grant a lien over the amount properly filed by the hospital. *In re Estate of Enloe.*

In the case at bar, the hospital filed liens in the amount of $22,090.74. It has never been argued in the trial court or on appeal that the liens were not properly filed, or that the charges were unrea-

sonable or not actually incurred. A settlement was reached in the amount of $50,000, one-third of which would be $16,666.67. The McMillan estate asserts that *O'Donnell, Wheaton* and *Enloe* are factually distinguishable because the lien amount in each case was actually less than one-third of the total settlement. In this case, the estate argues, the lien was for more than one-third of the settlement. We find this argument to be unpersuasive. The point made by the hospital is not that the court must always award one-third of any settlement, but that once a lien is properly established, the court may only reduce the lien when it exceeds one-third of the settlement. *O'Donnell, Wheaton* and *Enloe* support this conclusion and accordingly, we hold that the trial court's order, reducing the lien of St. Louis University Hospitals to $6,627 was erroneous in light of the plain language of section 1 of "An Act providing for a lien for nonprofit hospitals ***" (Ill. Rev. Stat. 1981, ch. 82, par. 97).

Because the trial court's adjudication of the hospital lien was erroneous, we reverse the trial court's order and remand for further proceedings consistent with this order.

Reversed and remanded.

JONES and KARNS, JJ., concur.