ILLINI HOSPITAL *et al.*, Plaintiffs-Appellees, v. GEORGE P. BATES, Defendant-Appellant.

Third District   No. 3—84—0755

Opinion filed August 16, 1985.

William M. Walker, of Coryn, Walker & Meehan, of Rock Island, for appellant.

John W. Robertson and Robert A. Latham III, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by Illini Hospital and Moline Public Hospital, appellees, against George Bates, appellant, and other parties seeking to enforce their lien for hospital service. The circuit court of Rock Island County entered judgment in favor of the hospitals for the total amount of $18,557.52.

George Bates was injured in a motorcycle-automobile accident on April 28, 1982. Augusta DeKezel, the other party to the incident, was covered by a liability insurance policy issued by American Family with maximum coverage of $50,000.

Negotiations led to a settlement of Bates' claim for a total of $55,000, the insurance company paying the limits of its policy, $50,000, and the individual insured DeKezel contributing $5,000. Checks and releases were exchanged in January 1983. Prior to the settlement consummation, the plaintiff hospitals had served lien notices on the various parties so that when the settlement was consummated the checks were made payable jointly to Bates and the hospitals.

Because Bates' injuries were severe and would require further medical care, a compromise of the medical and hospital expenses was attempted which resulted in the medical claims of approximately $13,000 being settled for 75% of the amount claimed, but the hospitals declined to accept or participate in the compromise. Thereafter, this action was commenced to enforce the hospital liens resulting in judgments in favor of the hospitals.

On this appeal the defendant argues the judgments of the trial court are erroneous because: (1) the plaintiffs are not entitled to recover the full amount of their liens in view of the existence of other liens and expenses; (2) the plaintiffs are not entitled to enforce their liens because they do not comply with the statutory provisions; (3) the plaintiffs are not entitled to enforce their liens because they fail to comply with the statute regarding the production of medical records; and (4) the plaintiffs should be required to pay or be charged with a proportionate share of the attorney fees.

■ Defendant argues the trial court does have discretion to reduce hospital liens, a discretion which the trial court found in this

case it did not have, relying on *Wheaton v. Department of Public Aid* (1981), 92 Ill. App. 3d 1084, 416 N.E.2d 780.

Sections 1 and 5 of the hospital liens act (Ill. Rev. Stat. 1983, ch. 82, pars. 97, 101) are the source of this controversy, and as interpreted and applied by the court in the *Wheaton* case, the allowance of the liens is mandatory to its full extent provided it does not exceed one-third of the total recovery. This rule was applied in *In re Estate of McMillan* (1983), 115 Ill. App. 3d 1022, 451 N.E.2d 958, and referred to in *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 388 N.E.2d 1073.

The defendant insists that interpreting the statute in this mandatory manner is contrary to the legislative intention and suggests that if all of the various lien acts were enforced, *i.e.*, hospital, physicians, dentists and attorneys, the amounts of the liens could exceed the amount of the recovery thereby discouraging the injured party from seeking any recovery. Theoretically this scenario is possible, but it is not one present in the instant case. The language of the statute is clear, and if the trial court is to have the statutory authority to apply equitable principles as contended by defendant to determine the amounts of liens, language to this effect should have been employed in the statute. We see no reason for not following the precedents of *Wheaton v. Department of Public Aid* (1981), 92 Ill. App. 3d 1084, 416 N.E.2d 780, and *In re Estate of McMillan* (1983), 115 Ill. App. 3d 1022, 451 N.E.2d 958.

■ Next, the defendant argues the hospital liens were not perfected as required by statute since the initial notices were not sent by registered mail. In pertinent part, section 1 of the hospital liens act provides:

"*** said lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the hospital *** and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, shall be served on both the injured person and the party against whom such claim or right of action exists.

Service shall be made by registered mail or in person." (Ill. Rev. Stat. 1983, ch. 82, par. 97.)

The hospitals attempted to perfect their liens prior to January of 1983, but they failed to strictly comply with the statute in that the notices were sent by certified mail rather than registered mail. In one case, the notice was sent to the attorney for the injured party rather than to Bates himself. Bates and his attorney did have actual notice

of the hospitals' claims for liens for several months prior to the settlement and the proposed compromises, which were declined.

Arguing that hospital liens are in derogation of the common law and should be strictly construed, the defendant analogizes to the construction given to mechanics' liens statutes. Without disputing the applicability of the general rule of special statutory provisions, we are nevertheless unable to agree that statutory compliance is absent in this case.

No time limit is set forth in the statute for perfecting the lien. The only requirement is that the notice be served before the proceeds have been distributed. The happenstance is that the insurance company recognized the defective lien notice and by so doing preserved the fund. This enabled the liens to be perfected either by late notice by registered mail or for that matter by filing this legal action itself.

■ The defendant also argues the hospital liens were void because of the failure of the hospitals to provide medical records within the proper time when requested to do so. The pertinent statute provides:

> "Any party to a cause pending in a court against whom a claim shall therein be asserted for damages resulting from such injuries shall, upon request in writing, be permitted to examine the records of such hospital in reference to such treatment, care and maintenance of such injured person. Any hospital claiming a lien under this Act shall, within 10 days of being so requested in writing by any such party, furnish to such party, or file with the clerk of the court in which the cause is pending, a written statement of the nature and extent of the injuries sustained and the treatment given to or furnished for such injured person by such hospital and the history, if any, as given by the injured person, insofar as shown by the records of the hospital as to the manner in which such injuries were received." Ill. Rev. Stat. 1983, ch. 82, par. 99.

According to the record Bates, the injured party, through his attorney, requested copies of the hospital records in September 1982. Neither hospital supplied copies of the hospital records within 10 days from receiving the request but did furnish the records, 19 days after the request by one hospital and three months after the request by the other.

By its own terms the quoted statute is inapplicable. First of all, it does not purport to include within its ambit the injured person but rather only the tortfeasor, who would otherwise have no access to the substance of the hospital records. The patient has other means of se-

curing copies of hospital records (Ill. Rev. Stat. 1983, ch. 110, par. 8—2001). Second, the statute provides the tortfeasor is entitled to a summary of the hospital records not copies thereof as requested by the attorney for Bates. We find no error in the court's ruling that this statute was inapplicable.

■ Finally, the defendant argues the hospitals should be required to contribute their proportionate share of attorney fees. This position is contrary to the controlling precedent of *Maynard v. Parker* (1979), 75 Ill. 2d 73, 387 N.E.2d 298, which discussed the question at length. We find no reason for departing from the rule announced in that case. The court did not err in refusing to apportion attorney fees.

For the foregoing reasons, the judgments of the circuit court of Rock Island County are affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.