*In re* ESTATE OF MERCEDES M. NORTON, Deceased (Betty Jane Gillett *et al.*, Executors of the Estate of Mercedes M. Norton, Deceased, Plaintiffs-Appellants, v. Roy Norton, Defendant-Appellee).

Third District   No. 3—86—0265

Opinion filed November 17, 1986.

Leon L. Lamet, of Warsaw, for appellants.

Albert V. Ancelet and Ross A. Robinson, both of Capps, Ancelet & Stoverink, of Carthage, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

On behalf of the estate of Mercedes Norton (the estate), its co-executors Betty Jane Gillett and William L. Hamrick appeal from the order granting summary judgment to the defendant, Roy Norton. On appeal, the plaintiffs argue that the defendant, not the estate, was liable for Mercedes' funeral expenses.

On March 5, 1985, Mercedes died testate, leaving the defendant surviving spouse and the co-executors, her children, as her only heirs. In the will admitted to probate on April 1, 1985, Mercedes directed that her funeral expenses be fully paid; in lieu of a surviving spouse's award, bequeathed $5,000 to the defendant; and except for a $7,000 bequest to her grandson, devised the remainder of her estate to her children. Hufnagel Funeral Home timely filed a $5,537 claim for Mercedes' funeral expenses.

After the defendant renounced the will, the court allowed a $10,000 spouse's award. Several months later, the co-executors inventoried Mercedes' personalty and assigned a date-of-death valuation of approximately $90,000. The co-executors subsequently filed a complaint against the defendant for Mercedes' burial expenses. In his mo-

tion for summary judgment, the defendant responded that the estate was ultimately liable for the funeral expenses. The court allowed the defendant's motion for summary judgment and dismissed the co-executors' complaint against the defendant.

Since no material facts were disputed, this court need only determine whether the defendant was entitled to judgment as a matter of law. The parties disagree, however, as to which law this court should apply. The plaintiffs suggest that the paramount responsibilities set forth in the family expenses statute (Ill. Rev. Stat. 1985, ch. 40, par. 1015) were neither amended nor abrogated by section 18—10 of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 18—10). The defendant, on the other hand, relies exclusively upon section 18—10 of the Probate Act to absolve himself from liability.

We acknowledge that under the family expenses statute family expenses are chargeable upon either or both spouses' property. (Ill. Rev. Stat. 1985, ch. 40, par. 1015.) That statute, however, merely provides an alternative remedy for creditors (*In re Estate of Enloe* (1982), 109 Ill. App. 3d 1089, 441 N.E.2d 868), and is not dispositive of the issue at bar.

Under the Probate Act of 1975, reasonable funeral expenses paid by any person, including a surviving spouse, are first-class claims chargeable against the estate. (Ill. Rev. Stat. 1985, ch. 110½, pars. 18—10, 18—14.) We must ascertain and give effect to the legislative intent best evidenced by the ordinary meaning of that statutory language. *Sayles v. Thompson* (1983), 99 Ill. 2d 122, 457 N.E.2d 440.

Clearly, the legislature designated funeral expenses incurred by the surviving spouse a claim chargeable against the estate. That conclusion is aligned with Mercedes' testamentary direction that her estate pay her funeral expenses.

We find, therefore, that as a matter of law the trial court appropriately entered summary judgment for the defendant.

Accordingly, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.