JENNIFER PANKY BURRELL, Plaintiff-Appellee, v. SOUTHERN TRUSS *et al.*, Defendants (Wood River Township Hospital *et al.*, Lienholders-Appellants).

Fifth District   No. 5—95—0556

Opinion filed June 28, 1996.—Rehearing denied July 16, 1996.

554

Dean E. Sweet, of Wood River, for appellants.

Donald W. Urban, of Sprague, Sprague & Urban, of Belleville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

The plaintiff, Jennifer Panky Burrell, filed a complaint on April 7, 1993, in the circuit court of Saline County, seeking to recover money damages from the defendants, Joel Kingston and Southern Truss, based on the negligent or wrongful acts of Kingston in the course of his employment with Southern Truss. The parties subsequently entered into a good-faith settlement of all disputed facts, which allowed for a recovery of $8,500. The plaintiff filed a petition to adjudicate liens on May 18, 1995. It is undisputed that the plaintiff asserted that the total amount of all "medical liens" could not exceed one-third of the settlement. The lien claimants filed briefs and arguments claiming that the hospital was entitled to one-third of the settlement pursuant to the Hospital Lien Act (770 ILCS 35/0.01 *et seq.* (West 1992)) and that the physician was entitled to another one-third of the settlement pursuant to the Physicians Lien Act (770 ILCS 80/0.01 *et seq.* (West 1992)). The lien claimants argued that these two types of liens do not share in the same one-third and that there is no category entitled "medical liens." On July 6, 1995, an order of dismissal was entered. The court determined that the plaintiff had incurred a total of $4,152.60 in medical expenses. The court also found that notice had been given to all interested medical creditors by certified mail and that only Wood River Township Hospital, Medical Radiological Services, and Dr. Anthony Marrese had entered an appearance. The court determined that the total amount of bills pertaining to the aforementioned medical creditors was $2,915.65 and that said amount was in excess of one-third of the total settlement. One-third of the settlement would have been a total amount of $2,833.33. The circuit court then apportioned one-third of the $2,833.33 between the three medical lienholders that had entered their appearance and awarded them 97.17% of their total lien. Wood River Township Hospital received $887.79, rather than $913.65, for a total reduction of $25.86. Medical Radiological Services received $459.61, rather than $473, for a total reduction of $13.39. Dr. Anthony Marrese received $1,485.72, rather than $1,529 for a total reduction of $43.28. The circuit court's order concluded by stating: "Nothing in this order, however, discharges the obligation of the plaintiff for payment of said bills. Only the liens are discharged."

Wood River Township Hospital and Medical Radiological Services (appellants) appeal from this order.

The appellants claim that the trial court erred in combining the physician's lien and the hospital's lien under the label "medical liens." The appellants state that "[t]hey are separate liens with separate one-third maximums." The appellants argue that since the hospital's lien was less than one-third of the amount of the settlement and the physician's lien was less than one-third, the liens should not have been reduced. The appellants cite *Wheaton v. Department of Public Aid*, 92 Ill. App. 3d 1084, 416 N.E.2d 780 (1981), and *In re Estate of McMillan*, 115 Ill. App. 3d 1022, 451 N.E.2d 958 (1983), as support for their argument.

In *Wheaton*, the plaintiff argued that the circuit court had authority to reduce the hospital's and physicians' liens. After reviewing the language of the Hospital Lien Act and the Physicians Lien Act, the *Wheaton* court determined that "the 'adjudication' of such liens in no way authorizes a trial court to reduce the amount of the liens so long as the total amount of the liens filed under *each act* is not in excess of one-third of the settlement." (Emphasis added). *Wheaton*, 92 Ill. App. 3d at 1086, 416 N.E.2d at 782. In *McMillan*, the hospital appealed from an order awarding it less than one-third of the settlement proceeds collected by the plaintiff. Relying on *Wheaton*, *O'Donnell v. Sears, Roebuck & Co.*, 71 Ill. App. 3d 1, 388 N.E.2d 1073 (1979) (disapproved on other grounds in *In re Estate of Cooper*, 125 Ill. 2d 363, 367, 532 N.E.2d 236, 237-38 (1988)), and *In re Estate of Enloe*, 109 Ill. App. 3d 1089, 441 N.E.2d 868 (1982), the *McMillan* court determined that pursuant to the Hospital Lien Act, once a lien is properly established, the court may only reduce the lien when it exceeds one-third of the settlement. In *O'Donnell*, the court stated that it is "only charged with the responsibility of adjudicating and enforcing hospital liens pursuant to a mechanical 'one-third of proceeds' formula," with no trial court discretion. *O'Donnell*, 71 Ill. App. 3d at 13, 388 N.E.2d at 1083.

Subsequent to the aforementioned cases, the court in *Illini Hospital v. Bates*, 135 Ill. App. 3d 732, 734, 482 N.E.2d 235, 237 (1985), relying on the *Wheaton*, *McMillan*, and *O'Donnell* decisions, also determined that the court has no discretion to reduce hospital liens when that amount is less than one-third of plaintiff's settlement proceeds. The *Illini* court noted that if the trial court is to have the statutory authority to apply equitable principles in order to determine the amounts of liens, language to this effect should have been employed in the statute. In *Illini*, the defendant argued that interpreting the statute in such a mandatory manner was contrary to the legislative intention and that if all of the various lien acts were enforced, the liens could exceed the amount of the recovery. We agree.

■ A lien can only be created by statute or by express language in an agreement. *La Salle National Trust, N.A. v. Village of Westmont*, 264 Ill. App. 3d 43, 75, 636 N.E.2d 1157, 1177 (1994); *Kunde v. Biddle*, 41 Ill. App. 3d 223, 225, 353 N.E.2d 410 (1976). Illinois currently has seven classes of health care providers that are given lien rights. Separate lien acts govern hospitals (770 ILCS 35/0.01 *et seq.* (West 1992) (Hospital Lien Act)), physicians (770 ILCS 80/0.01 *et seq.* (West 1992) (Physicians Lien Act)), dentists (770 ILCS 20/0.01 *et seq.* (West 1992) (Dentists Lien Act)), physical therapists (770 ILCS 75/1 (West 1992) (Physical Therapist Lien Act)), home health care agencies (770 ILCS 25/1 *et seq.* (West 1992) (Home Health Agency Lien Act)), clinical psychologists (770 ILCS 10/0.01 *et seq.* (West 1992) (Clinical Psychologists Lien Act)), and emergency medical services personnel (770 ILCS 22/1 *et seq.* (West 1992) (Emergency Medical Services Personnel Lien Act)).

■ All of the aforementioned health-care-provider lien statutes contain common language relating to the lienholder's right to payment after the injured party's recovery from a third person. Each act allows the respective medical creditor that renders treatment to an injured person to have a lien upon all claims and causes of action for the amount of the creditor's reasonable charges, provided that the total amount of *all liens* "hereunder" or "under this Act" shall not exceed one-third of the sum paid or due to said injured person on said claim or rights of action. The lien claimants argue that each of the aforementioned health care providers is entitled to a maximum of one-third of the plaintiff's total recovery and that this is so even though the total of all liens claimed could exceed the plaintiff's recovery. Lien laws are liberally construed in order to give effect to the purpose intended by the legislature. *Gaskill v. Robert E. Sanders Disposal Hauling*, 249 Ill. App. 3d 673, 677, 619 N.E.2d 235, 238 (1993). When construing a statute, the court is obligated to ascertain and give effect to the intent of the legislature. The language of the statute itself is generally the best indicator of that intent. It is not the province of the court to inject provisions that are not found in the statute. *Gaskill*, 249 Ill. App. 3d at 678, 619 N.E.2d at 239. In construing statutes, however, the courts have indulged numerous presumptions as aids, including the presumption that the General Assembly did not intend to enact a statute that has unjust (*People ex rel. Community High School District No. 231 v. Hupe*, 2 Ill. 2d 434, 448, 118 N.E.2d 328, 335 (1954)) or absurd (*Board of Education of Williamsville Community Unit School District No. 15 v. Brittin*, 11 Ill. 2d 411, 414, 143 N.E.2d 555, 557 (1957)) consequences. Where a statute is uncertain and susceptible of more than one construction,

the court may look to prior and contemporaneous statutes to determine its meaning. *Anderson v. City of Park Ridge*, 396 Ill. 235, 72 N.E.2d 210 (1947). Further, it is proper for the court not only to compare statutes relating to the same subject matter but to consider statutes on related subjects even though not strictly *in pari materia*. *Scofield v. Board of Education of Community Consolidated School District Number 181*, 411 Ill. 11, 16, 103 N.E.2d 640, 643 (1952). It is a canon of statutory construction that where the passage of a series of legislative acts results in confusion and consequences which the legislature may not have contemplated, courts must construe the acts in such a way as to reflect the obvious intent of the legislature and to permit practical application of the statutes. *Hupe*, 2 Ill. 2d at 448, 118 N.E.2d at 335. If the appellants' interpretation of the health-care-lien statutes is carried to its logical conclusion, the court, in many circumstances, would be unable to adjudicate all of the liens. For example, assume a plaintiff is injured in an automobile accident. Emergency medical services personnel are called to the scene of the accident, and the plaintiff is taken to the emergency room. The plaintiff is then hospitalized. The plaintiff's physician oversees his care at the hospital and recommends physical therapy for a certain period of time. The plaintiff then receives physical therapy for several weeks following his departure from the hospital. The plaintiff eventually receives a $12,000 settlement. Assume that the plaintiff incurred a hospital bill for $4,000, a physician's bill for $4,000, an emergency medical services personnel bill for $4,000, and a physical therapist bill for $4,000. How should the court adjudicate the liens? According to *Wheaton, McMillan, O'Donnell*, and *Illini*, the court is not allowed to reduce the amount of properly established liens as long as the total amount of the liens filed under *each act* is not in excess of one-third of the settlement. Even though each of the aforementioned liens does not exceed the one-third maximum as provided by statute, the total amount of the health care liens is more than the plaintiff's $12,000 recovery. The General Assembly could not have intended this unjust and absurd result. We believe that the legislature intended that the aforementioned health-care-provider statutes be considered together. Further proof of the legislature's intention that these statutes be construed together is evidenced by the fact that the last section of each of the acts—the Physicians Lien Act (770 ILCS 80/6 (West 1992)), the Dentists Lien Act (770 ILCS 20/6 (West 1992)), the Physical Therapist Lien Act (770 ILCS 75/7 (West 1992)), the Clinical Psychologists Lien Act (770 ILCS 10/6 (West 1992)), and the Emergency Medical Services Personnel Lien Act (770 ILCS 22/30 (West 1992))—states that nothing within that

particular act affects the priority of attorney liens under the Attorneys Lien Act (770 ILCS 5/0.01 *et seq.* (West 1992)) or gives priority to liens of hospitals rendering treatment and maintenance to injured persons under the Hospital Lien Act (770 ILCS 35/0.01 (West 1992)). If construed in such a manner, the attorney receives one-third of the plaintiff's recovery, the health care providers receive one-third, and the plaintiff receives one-third. The legislature could not have intended for the plaintiff to hire an attorney in order to obtain a recovery and not receive any portion of the proceeds. Why would the plaintiff go to the trouble of hiring an attorney if he receives no proceeds from the judgment?

■ It is clear that the legislature did not intend this result. We believe that the legislature intended to limit health-care-provider liens to one-third of the plaintiff's recovery so that the plaintiff would receive one-third after the attorney is paid one-third. Our decision does not, however, extinguish the plaintiff's debt to any health care provider. The plaintiff remains legally obligated for the balance of any bill that remains after satisfaction of the lien. Nothing in this opinion prevents any lienholder from collecting the balance due from the plaintiff.

In light of the foregoing considerations, we affirm the circuit court's decision.

Affirmed.

HOPKINS, P.J., and WELCH, J., concur.