(No. 81621.—

JENNIFER PANKY BURRELL, Appellee, v. SOUTH-
ERN TRUSS *et al.* (Wood River Township Hospital
*et al.*, Appellants).

*Opinion filed April 24, 1997.*

HARRISON, J., dissenting.

Dean E. Sweet and Dennis A. Brandt, of Holland, Sweet & Barr, of Wood River, for appellants.

Donald W. Urban, of Sprague & Urban, of Belleville, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Wood River Township Hospital (Wood River), Medical Radiological Services, Inc. (Medical Radiological), and Dr. Anthony Marrese filed separate liens in the circuit court of Saline County against proceeds received by plaintiff, Jennifer Panky Burrell, in a settlement with defendants, Joel Kingston and Southern Truss. Wood River filed its claim under the Hospital Lien Act (770 ILCS 35/0.01 *et seq.* (West 1992)), and Medical Radiological and Dr. Marrese filed their separate claims under the Physicians Lien Act (770 ILCS 80/0.01 *et seq.* (West 1992)). The total of these three liens exceeded one-third of plaintiff's settlement. The circuit court aggregated the lien claims, limited total recovery on the liens to one-third of the settlement, and prorated the amounts to be dispensed to the lienholders so that the total paid to the lienholders did not exceed one-third of plaintiff's recovery. On appeal, the appellate court affirmed the distribution to the lienholders. 281 Ill. App. 3d 553. We granted leave to appeal (155 Ill. 2d R. 315) and now reverse the judgments of the appellate and circuit courts.

Plaintiff filed a complaint based on the negligent or wrongful acts of Kingston in the course of his employment with Southern Truss. Plaintiff later settled her claims against the defendants for a total of $8,500. Plaintiff then filed a petition to adjudicate certain outstanding liens, arguing that the total amount of the liens exceeded one-third of the settlement. Three of the plaintiff's creditors entered appearances in the proceed-

ings. Wood River asserted a lien in the amount of $913.65 under the Hospital Lien Act. Medical Radiological and Dr. Marrese asserted liens in the amount of $473 and $1,529, respectively, under the Physicians Lien Act. The Hospital Lien Act provides that "the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action ***." 770 ILCS 35/1 (West 1992). The Physicians Lien Act contains identical limiting language. 770 ILCS 80/1 (West 1992). Although the liens together exceeded one-third of plaintiff's settlement, the total amounts claimed under each of the two lien acts did not exceed one-third of the settlement.

The circuit judge read the Hospital Lien Act and the Physicians Lien Act together and limited total recovery by the lienholders to one-third of plaintiff's settlement. The judge then prorated each lien at 97.17% of its total—an amount that would reduce the total of the liens so that they would not exceed one-third of the settlement. Thus, Wood River's lien was reduced by $25.86, Medical Radiological's lien was reduced by $13.39, and Dr. Marrese's lien was reduced by $43.28.

Wood River and Medical Radiological appealed, arguing that the Hospital Lien Act and Physicians Lien Act each create distinct liens and that there exists a separate right under each act to a maximum of one-third of plaintiff's settlement. The appellate court disagreed and affirmed the decision of the circuit court. 281 Ill. App. 3d at 558. The appellate court noted the similarity of the language in the different lien acts and believed that the intent of the legislature and the practical application of the statutes were furthered by reading the statutes together. 281 Ill. App. 3d at 556-57. Like the circuit court, the appellate court limited recovery on the total of all liens under the hospital and physicians lien acts to a maximum of one-third of the plaintiff's recovery.

In construing a statute, courts are required to ascertain and give effect to the intent of the legislature. *Varelis v. Northwestern Memorial Hospital*, 167 Ill. 2d 449, 454 (1995). Courts should first look to the language of the statute to determine the intent of the drafters. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). When the statutory language is clear, no resort is necessary to other aids of construction. *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 541 (1990). We must determine in this case whether the hospital and physicians lien acts limit the recovery of all lienholders under these acts to a combined one-third of plaintiff's recovery, or whether the statutes simply limit recovery under each individual lien act to one-third of plaintiff's recovery.

As we have noted, the Hospital Lien Act provides that "the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action ***." 770 ILCS 35/1 (West 1992). The Physicians Lien Act contains the same language. 770 ILCS 80/1 (West 1992). Unlike the courts below, we believe that the plain language of these statutes limits application of the one-third maximum to each individual act and requires aggregation of only those liens filed under that particular act. We agree with the lienholders that the phrase "all liens hereunder," in limiting the amount of liens that may be asserted against a single recovery, refers only to liens filed under each act, and does not include liens that are asserted under separate provisions. To hold otherwise, as plaintiff suggests, would require us to read into the statutes an additional limitation that the legislature did not include.

This interpretation of the statutory language conforms to the long standing construction the appellate court has given this language. *Wheaton v. Department of Public Aid*, 92 Ill. App. 3d 1084 (1981), dealt with a

fact pattern almost identical with the present case. In *Wheaton*, one claimant filed a lien under the Hospital Lien Act and two other claimants filed liens under the Physicians Lien Act. *Wheaton*, 92 Ill. App. 3d at 1085. The amount claimed under each act was less than one-third of plaintiff's settlement, but the total amount asserted under the two acts, together, exceeded one-third of the settlement. *Wheaton*, 92 Ill. App. 3d at 1086-87. The appellate court held that the amounts of the hospital's and physicians' liens could not be reduced as long as the total amount of the liens filed under each separate act did not exceed one-third of plaintiff's recovery. *Wheaton*, 92 Ill. App. 3d at 1086.

The same rationale has been followed by every court deciding the issue until the present case. See, *e.g.*, *Illini Hospital v. Bates*, 135 Ill. App. 3d 732, 734 (1985) (language of the statute is clear and the allowance of liens under the Hospital Lien Act is mandatory provided it does not exceed one-third of the total recovery); *In re Estate of McMillan*, 115 Ill. App. 3d 1022, 1026 (1983) (in light of the plain language of section 1 of the Hospital Lien Act, reduction of hospital's lien appropriate only if lien exceeds one-third of settlement); *O'Donnell v. Sears, Roebuck & Co.*, 71 Ill. App. 3d 1, 13 (1979) (under the Hospital Lien Act, the court is charged with the responsibility of adjudicating and enforcing hospital liens pursuant to a mechanical "one-third of proceeds" formula).

Although we rest our decision on the plain language of the statutes at issue here, we note that our interpretation is consistent with the legislative history of related provisions. There are five other separate acts providing for liens in favor of health care providers in Illinois. These additional lien acts govern dentists (770 ILCS 20/0.01 *et seq.* (West 1992)), physical therapists (770 ILCS 75/1 *et seq.* (West 1992)), home health care

agencies (770 ILCS 25/1 *et seq.* (West 1992)), clinical psychologists (770 ILCS 10/0.01 *et seq.* (West 1992)), and emergency medical services personnel (770 ILCS 22/1 *et seq.* (West 1992)). All the acts except the one applicable to dentists were enacted after the *Wheaton* decision. "Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law." *People v. Hickman*, 163 Ill. 2d 250, 262 (1994). We may thus assume that the legislature was aware of, and approved, *Wheaton*'s construction when it enacted the other lien statutes and continued to use the phrase "all liens hereunder" or an equivalent expression, "all liens under this Act," in limiting the amount that may be received under each act to one-third of the plaintiff's recovery.

Further support for our holding may be found in the legislative history of one of the post-*Wheaton* statutes, the Home Health Agency Lien Act. Like the provisions applicable to physicians and hospitals, at issue here, the Home Health Agency Lien Act uses the phrase "all liens hereunder" in limiting the amount that may be asserted under that statute against a single recovery. During debate on the Act, there was discussion regarding the distribution of a recovery when the liens of different types of health care providers exceed the money available. 84th Ill. Gen. Assem., House Proceedings, June 20, 1985, at 323-24. Representative Johnson, explaining that he wished to establish legislative intent, offered an example in which, after the attorney's lien had been deducted, $60,000 remained of an initial $100,000 recovery and separate sums of $30,000 were claimed under the hospital, physicians, and home health care lien acts. 84th Ill. Gen. Assem., House Proceedings, June 20, 1985, at 323-24 (statements of Representative Johnson). In response to questions from Representative Johnson, Representative Levin affirmed that all the

liens should be treated "on the same footing," to use Representative Johnson's phrase, and reduced on a prorated basis so that each of the three lien categories would be entitled to $20,000 of the $60,000 remaining from the recovery. 84th Ill. Gen. Assem., House Proceedings, June 20, 1985, at 324 (statements of Representatives Johnson and Levin). As these remarks demonstrate, the amount claimed under each lien act in the example is for less than one-third of the settlement. After adjudication, however, the lienholders' total recovery would equal an amount that represents 60% of the total settlement, exceeding one-third of the settlement.

For the foregoing reasons, we conclude that the Hospital Lien Act and the Physicians Lien Act provide for separate liens, with the total amounts that may be claimed under each act limited to one-third of plaintiff's settlement. We therefore reverse the judgments of the appellate and circuit courts and remand the cause to the circuit court of Saline County for entry of judgment consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded.*

JUSTICE HARRISON, dissenting:

I was against granting the petition for leave to appeal in this case, and I still think review by this court was inappropriate. The court's decision today does not award Wood River, Medical Radiological, or Dr. Marrese a single penny more than they were otherwise entitled to. It merely makes it easier for them to collect the amount plaintiff already owes by increasing their statutory lien rights against her settlement proceeds. The increase for all three health care providers totals all of $82.53.

Eighty-two dollars and fifty-three cents in additional lien rights for three providers for four years of litiga-

tion. That is all this case is or was ever about. What this shows to me is that there is no amount too trivial to warrant the court's intervention if my colleagues believe they can make the litigation process more difficult for plaintiffs.

Wholly aside from these considerations, I believe that the majority's opinion is misguided. The appellate court correctly noted that if the various liens could be aggregated, as the majority here holds, the total lien amount could easily consume the plaintiff's entire recovery. The plaintiff would have hired an attorney and endured the rigors of litigation and achieved success and be left with nothing. I share the appellate court's view that the legislature could not have intended such an absurd and unjust result.

A second flaw in the majority's analysis is that it can yield inequitable and absurd results even among the lien holders themselves. Because the majority treats each of the lien statutes as being independent of the others, the size of a particular health care provider's lien may depend on the fortuity of whether the other lien holders are governed by the same lien statute or by a different one.

The anomalies that can result are readily illustrated. Assume, for example, that a plaintiff receives a $9,000 recovery and has agreed to pay his attorney a one-third contingency fee. If the plaintiff had a physical therapy bill of $3,000 and a bill from his doctor for $3,000, the majority's approach would mean that the therapist and the doctor could each assert liens for the full amount they were owed, a total of $6,000. If, however, the providers submitting the $3,000 bills were both doctors rather than a doctor and a physical therapist, their combined lien rights would be limited to $3,000, half as much. Similarly, if there were two doctors who both had bills of $3,000 in addition to the physical therapist with the

$3,000 bill, each of the doctors would have to accept liens for a reduced amount, while the physical therapist would be entitled to a lien for the full $3,000.

I can see no rational basis for such disparate results. The appellate court's approach avoids these problems completely. The majority's analysis simply ignores them. In so doing, it sets the stage for inequities that the legislature could not have intended and failed to recognize when it debated and enacted the law.

Where the passage of a series of legislative acts results in confusion and consequences that the General Assembly may not have contemplated, the courts must construe the acts in such a way as to reflect the obvious intent of the legislature and permit practical application of the law. *People ex rel. Community High School District No. 231 v. Hupe*, 2 Ill. 2d 434, 448 (1954). The appellate court did that here. Its judgment should therefore be affirmed. Accordingly, I dissent.