(No. 77903.—

THEODORA VARELIS *et al.*, Appellees, v. NORTH-WESTERN MEMORIAL HOSPITAL, Appellant.

*Opinion filed October 26, 1995.*

James K. Horstman, Barry L. Kroll and C. Barry Montgomery, of Williams & Montgomery, Ltd., and Steven H. Jesser, all of Chicago, for appellant.

Tom Leahy and Philip P. DeMaertelaere, of Chicago, for appellees.

Peter A. Monahan, Linda J. Hay and Anne M. Oldenburg, of Alholm & Monahan, of Chicago, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Mark D. Deaton, of Naperville, for *amicus curiae* Illinois Hospital & HealthSystems Association.

JUSTICE MILLER delivered the opinion of the court:

The question raised in this appeal is whether the personal representative of a decedent may pursue an ac-

tion under the Wrongful Death Act even though the decedent, during his lifetime, obtained a judgment in a personal injury action based on the same occurrence. The courts below gave conflicting answers to this question, with the trial judge barring the wrongful death action and the appellate court permitting the action to go forward (266 Ill. App. 3d 578). We allowed the defendant's petition for leave to appeal (145 Ill. 2d R. 315(a)). We now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

Spiros Varelis and his wife, Theodora, brought a personal injury action in the circuit court of Cook County, alleging that Spiros was injured when he was given 25 times the prescribed dose of magnesium sulfate while he was a patient at defendant Northwestern Memorial Hospital. The trial judge entered summary judgment in the plaintiffs' favor on the question of liability. The matter then proceeded to trial for a determination of the plaintiffs' damages. In December 1988, a jury returned a verdict of $2,248,434 in favor of Spiros Varelis on his claim for personal injuries and a verdict of $573,500 in favor of his wife, Theodora, on her claim for loss of consortium. Judgment was entered on the verdicts. The plaintiffs then filed a post-trial motion, challenging the amounts of the damage awards. That motion was pending at the time of Spiros' death on May 7, 1989. The parties entered into satisfactions of judgments in July 1989; the defendant paid the full amounts of the verdicts, and the post-trial motion was withdrawn at that time. The releases executed by the plaintiffs purported to reserve whatever rights they might have to relief under the Wrongful Death Act.

The action that forms the basis for this appeal was filed in the circuit court of Cook County on July 3, 1989, by the decedent's wife and estate. The complaint alleges that the death was caused by the same overdose of

magnesium sulfate that formed the basis for the earlier personal injury action. The defendant moved to dismiss the wrongful death action on the ground that it was barred because the decedent had already recovered, during his lifetime, a judgment in a personal injury action arising from the same alleged negligence. After briefing and argument by the parties, the trial judge denied the dismissal motion. The judge denied a subsequent motion by the defendant seeking certification of the question for purposes of an interlocutory appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308). The matter was later assigned to a different judge, following the first judge's death. The parties filed cross-motions for summary judgment. The second judge granted the defendant's motion and denied the plaintiffs' motion. The judge agreed with the defendant that the judgment entered in the decedent's personal injury action barred his personal representative from pursuing a wrongful death action based on the same underlying negligence.

The plaintiffs appealed. The appellate court reversed the circuit court judgment and remanded the cause for further proceedings. (266 Ill. App. 3d 578.) The appellate court concluded that the present wrongful death action was not barred, reasoning that the present wrongful death action was distinct from the decedent's earlier personal injury action because it sought a different recovery for a different harm. We allowed the defendant's petition for leave to appeal. (145 Ill. 2d R. 315(a).) We later granted leave to the Illinois Hospital and HealthSystems Association and the Illinois Association of Defense Trial Counsel to submit briefs as *amici curiae* in behalf of the defendant (134 Ill. 2d R. 345).

I

At the time relevant here, the Wrongful Death Act provided:

"Whenever the death of a person shall be caused by

wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." Ill. Rev. Stat. 1987, ch. 70, par. 1.

Resolution of the present case centers on the language in the Act concerning the decedent's right to pursue a claim for damages "if death had not ensued." The defendant argues that this provision of the Act means that no wrongful death action is available to the decedent's personal representative if the decedent himself would not have been able to bring an action at the time of his death. According to the defendant, this essential condition of the Act cannot be satisfied in this case because the decedent, during his lifetime, obtained a judgment on a personal injury action arising from the same conduct. The defendant concludes that the present wrongful death action must therefore be deemed barred.

The plaintiffs respond that the present action is not precluded because it is distinct from the personal injury action brought by the decedent during his lifetime. The plaintiffs observe that their wrongful death action seeks recovery for the loss incurred by them as a result of the decedent's death, while the decedent's prior personal injury action sought recovery for the injuries sustained by the decedent during his lifetime. In the alternative, the plaintiffs argue that, even if successive personal injury and wrongful death actions are prohibited under Illinois law, that rule does not control the present case because the judgment entered in the personal injury action was not final at the time of the decedent's death. We will consider these arguments separately.

The Wrongful Death Act provides the sole source of

the plaintiffs' remedy (*Wilbon v. D.F. Bast Co.* (1978), 73 Ill. 2d 58, 61; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 612), and thus the question before us is one of statutory construction. Acting within constitutional limits, the legislature is free to prescribe whatever requirements it might choose to impose on the availability of relief under the Act. (*Hall v. Gillins* (1958), 13 Ill. 2d 26, 29; *Wilson v. Tromly* (1949), 404 Ill. 307, 310.) We are mindful, of course, that the fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature. *Croissant v. Joliet Park District* (1990), 141 Ill. 2d 449, 455; *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341.

Although this court has never been presented with the precise question raised here—whether a judgment obtained in a personal injury action will bar a later wrongful death action based on the same underlying conduct—our cases have consistently interpreted the Wrongful Death Act to require, as a condition for maintaining a wrongful death action, that the decedent have been able to bring, at the time of his death, an action for damages resulting from the occurrence. Thus, in a variety of contexts, our court has referred to the rule that a wrongful death action is barred if the decedent, at the time of death, would not have been able to pursue an action for personal injuries. (See, *e.g., Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 613; *Howlett v. Doglio* (1949), 402 Ill. 311, 319; *Clarke v. Storchak* (1943), 384 Ill. 564, 571-72; *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 513-14; *Little v. Blue Goose Motor Coach Co.* (1931), 346 Ill. 266, 271 (*per curiam*).) In this sense an action under the Wrongful Death Act may be said to be derivative of the decedent's rights, for the ability to bring the wrongful death action "depends upon the condition that the deceased, at the time of his death, had he continued to live, would have had a right of ac-

tion against the same person or persons for the injuries sustained." *Biddy*, 374 Ill. at 513-14.

Our appellate court is divided on the question presented in this case. Besides the decision below, two other panels of the appellate court have held that successive personal injury and wrongful death actions may be brought. (*Cruz v. Illinois Masonic Medical Center* (1st Dist. 1995), 271 Ill. App. 3d 383; *Dettman-Brunsfeld v. Szanto* (1st Dist. 1994), 267 Ill. App. 3d 1050.) In another case, however, the appellate court determined that successive actions are not permitted. *Kessinger v. Grefco, Inc.* (4th Dist. 1993), 251 Ill. App. 3d 980.

Illustrative of the requirement under the Wrongful Death Act that the decedent must have been able to pursue an action for damages at the time of his death is *Mooney v. City of Chicago* (1909), 239 Ill. 414. In that case the court explained:

> "The statute gives a right unknown to the common law in cases where the wrongful act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages. One condition upon which the statutory liability depends is that the deceased had a right of recovery for the injuries at the time of his death, and there is no right in the administrator to maintain an action unless the deceased had the right to sue at the time of his death. There being but one cause of action there can be but one recovery, and if [the decedent] had released the cause of action the statute does not confer upon his administrator any right to sue." (*Mooney*, 239 Ill. at 423.)

The decedent in *Mooney* granted a release to the defendant, the City of Chicago, in settlement of a personal injury action the decedent had brought. The decedent later died from his injuries, and his administrator then instituted a wrongful death action against the city. This court concluded that the trial judge had erred in failing to instruct the jury that the decedent's release of his

personal injury action was an affirmative defense to the subsequent wrongful death claim.

If the release executed by the injured person in *Mooney* barred a subsequent wrongful death action based on the same injuries, we fail to see how the judgment recovered by the present decedent prior to his death should have any different effect. In either case, the decedent would not have been entitled at the time of death to bring an action for injuries. The plaintiffs argue, however, that the holding exemplified by *Mooney* was effectively overruled by *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, cited by the appellate court below. In *Murphy*, this court held that both a survival action (Ill. Rev. Stat. 1971, ch. 3, par. 339 (now codified at 755 ILCS 5/27—6 (West 1994))) and a wrongful death action may be pursued for injuries caused by the same conduct. In reaching that result the court expressly overruled its earlier holding in *Holton v. Daly* (1882), 106 Ill. 131, that an action under the Survival Act may not be maintained for injuries resulting in death. The *Murphy* court stated:

> "The remedy available under *Holton* will often be grievously incomplete. There may be a substantial loss of earnings, medical expenses, prolonged pain and suffering, as well as property damage sustained, before an injured person may succumb to his injuries. To say that there can be recovery only for his wrongful death is to provide an obviously inadequate justice. Too, the result in such a case is that the wrongdoer will have to answer for only a portion of the damages he caused. Incongruously, if the injury is so severe that death results, the wrongdoer's liability for the damages before death will be extinguished. It is obvious that in order to have a full liability and a full recovery there must be an action allowed for damages up to the time of death, as well as thereafter." *Murphy*, 56 Ill. 2d at 431.

The plaintiffs note the distinction drawn by *Murphy* between proceedings under the survival statute and

proceedings under the Wrongful Death Act. Because an action for personal injuries brought by a party during his lifetime is similar to a survival action brought after death for the same occurrence, the plaintiffs conclude from *Murphy* that there should be no bar to successive personal injury and wrongful death actions. The plaintiffs theorize that if both a survival action and a wrongful death action may be maintained after an injured person's death, as *Murphy* held, then logically there should be no impediment to bringing successive personal injury and wrongful death actions, for the survival action and the personal injury action are analogous and seek similar forms of recovery.

We do not agree with the plaintiffs that *Murphy* controls the outcome of the present case. Notably, the court in *Murphy* did not consider how the settlement or resolution of a personal injury action would affect a subsequent wrongful death action premised on the same occurrence. *Murphy* simply overruled the portion of *Holton* that determined that a wrongful death action and a survival action may not both be maintained; the *Murphy* court did not discuss, much less alter, the longstanding requirement for maintaining a wrongful death action that the decedent have been able to bring a claim for damages at the time of his death. See *Real v. Kim* (1983), 112 Ill. App. 3d 427, 433.

Moreover, since *Murphy* was decided, this court has reiterated the principle that a condition for recovery under the Wrongful Death Act is the requirement that the decedent must have been able to bring an action for damages at the time of his death. In distinguishing between survival actions and wrongful death actions, the court in *Wyness v. Armstrong World Industries, Inc.* (1989), 131 Ill. 2d 403, 411, stated, "While it cannot be contested that, in most cases, any death creates a loss to the survivors, a wrongful death action is premised on

the deceased's potential, at the time of death, to initiate an action for injury"; in support of that proposition *Wyness* cited *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, and *Mooney v. City of Chicago* (1909), 239 Ill. 414. As we have noted, resolution of the present case depends on the proper interpretation of this requirement of the Wrongful Death Act. Accordingly, our focus in this case is not on the similarity between personal injury actions and survival actions, but on whether the Wrongful Death Act permits successive personal injury and wrongful death actions.

*Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, also cited by the plaintiffs, does not compel a different result. In that case a married couple was killed in an airplane crash. The wife's personal representative instituted a wrongful death action against the estate of her husband, who had been piloting the aircraft, seeking recovery on behalf of the couple's minor children. The husband's estate argued that the wrongful death action was barred because the wife, at the time of her death, would not have been able to bring an action for damages; the defendant relied on the provision in the Married Woman's Act (Ill. Rev. Stat. 1973, ch. 68, par. 1) that prohibited one spouse from being sued by the other for a tort committed during coverture.

This court rejected the defendant's argument, concluding that the spousal relationship did not preclude the wrongful death action. The court noted that neither spouse was a party to the action and that recovery in the case would be solely for the benefit of the couple's surviving minor children. Given the character of the relief being sought and the identities of the parties, the court concluded that the statutory provision for interspousal immunity presented no bar to the wrongful death action. In reaching this result, the court reviewed a series of decisions on interspousal actions and consid-

ered as well the intervening enactment of the spousal immunity provision. The court observed that in *Welch v. Davis* (1951), 410 Ill. 130, a case in which a husband shot and killed both his wife and himself, it was held that the wife's common law disability did not bar a wrongful death action by her estate against her husband's estate.

The *Herget National Bank* court also noted that in *Bradley v. Fox* (1955), 7 Ill. 2d 106, which involved a wrongful death action brought against a husband for the murder of the wife, "No reference was made to the [recently enacted] statute *** barring suits in tort by spouse against spouse, which shows the court's view that the statute had no application." (*Herget National Bank*, 64 Ill. 2d at 472.) The court summarized *Welch* and *Bradley* as holding that "actions brought for the benefit of surviving children of the deceased mother were not within the contemplation of the rule that a wife cannot sue her husband." *Herget National Bank*, 64 Ill. 2d at 473.

It seems clear that the court in *Herget National Bank* did not believe that it was altering the general requirement for maintaining a wrongful death action that the decedent must have been able to bring a claim for damages at the time of his death—even if the decision, extended beyond its context and taken to its logical extreme, might also be explicable as an exception to that rule. The court analyzed the problem in that case in terms of the spousal relationship, and the court sought to explain why allowing the wrongful death action to go forward would not trench on the special immunity created by statute.

In further support of the appellate court's decision, the plaintiffs argue that the court below correctly distinguished our case law interpreting the Wrongful Death Act on the ground that, in those cases, the prior

personal injury actions brought by the decedents had been barred for one reason or another, while the prior personal injury action brought in this case was not barred. (266 Ill. App. 3d at 582-83; see also *Dettman-Brunsfeld v. Szanto* (1994), 267 Ill. App. 3d 1050, 1056.) We do not believe that the suggested distinction is valid. The plaintiffs' argument ignores the rationale for this line of authority, which is the requirement in the Wrongful Death Act that the decedent must have been able to pursue an action for damages at the time of death. In disallowing wrongful death actions when the decedent could not have maintained a claim for personal injuries at the time of death, the Act attaches no significance to the particular reason why the decedent's claim would have been barred. See *Real v. Kim* (1983), 112 Ill. App. 3d 427, 433.

Our decision in this case is in accord with the great weight of authority from other jurisdictions. A majority of the other courts that have considered this question have concluded, under wrongful death statutes similar to our own, that an action for personal injuries brought during the decedent's lifetime will preclude a subsequent action for wrongful death premised on the same conduct. *Simmons First National Bank v. Abbott* (1986), 288 Ark. 304, 307-08, 705 S.W.2d 3, 5 (citing cases); *Variety Children's Hospital v. Perkins* (Fla. 1983), 445 So. 2d 1010, 1012; see also *Sea-Land Services, Inc. v. Gaudet* (1974), 414 U.S. 573, 579-82, 39 L. Ed. 2d 9, 18-19, 94 S. Ct. 806, 812-13 (acknowledging majority rule but adopting, for purposes of admiralty law, view that personal injury action brought by injured person during lifetime does not foreclose later wrongful death action arising from same injury); Restatement (Second) of Judgments § 46, Comment *b*, at 18 (1982) ("In the distinct majority of jurisdictions, the rule is that the wrongful death action is 'derivative,' *i.e.*, an action by the beneficiaries

under the wrongful death statute is permitted only if the decedent had a claim at the time of his death"), Reporter's Note, at 21 ("The clear weight of authority is that a prior judgment for or against the decedent precludes a wrongful death action by his beneficiaries").

As a final matter, both parties refer to a recent amendment to the Wrongful Death Act in support of their respective arguments. As amended, the Act now expressly prohibits a wrongful death action in the circumstances of this case. The legislature has appended the following proviso to section 1 of the Act:

"No action may be brought under this Act if the decedent had brought a cause of action with respect to the same underlying incident or occurrence which was settled or on which judgment was rendered." (Pub. Act 89—7, § 40, eff. March 9, 1995 (amending 740 ILCS 180/1).)

The new provision, enacted as part of the Civil Justice Reform Amendments of 1995, is applicable "to causes of action accruing on or after [the] effective date" of the amendatory act, March 9, 1995. The plaintiffs assert that the recent amendment effected a change in our law, and from that premise they infer that the law prevailing before the effective date of the amendment must have allowed successive personal injury and wrongful death actions. The defendant, in contrast, contends that the amendatory language was intended merely to clarify the law by explicitly barring successive actions in the circumstances shown here.

We agree with the defendant that the amendment should not be understood as setting forth a new and different requirement under the Act. Although an amendment to a statute may give rise to a presumption that the legislature intended to change the law, that presumption is not conclusive and may be overcome by other circumstances. (*People v. Hare* (1988), 119 Ill. 2d 441, 450-51; *Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 11-12.) We have reviewed

the legislative debates of the bill that contained this amendment to the Wrongful Death Act. The few references to the instant provision that appear in the debates demonstrate that the provision was enacted in response to the appellate court's decision in this case and was intended to clarify the law on this point. Thus, in response to a Representative's question whether successive personal injury and wrongful death actions may be brought for the same misconduct, one of the bill's sponsors in the House of Representatives stated, "Representative, what this does is, tries to clear up some Appellate Court decisions. We are still waiting ... the Supreme Court has not ruled on it. So this is an attempt to clean up any confusion we have in the law." (89th Ill. Gen. Assem., House Proceedings, February 16, 1995, at 111 (statement of Representative Cross).) Later, in the Senate, an opponent of the bill included "Varelis versus Northwestern" among the supreme court and appellate court decisions that he believed would be overruled by the new legislation (89th Ill. Gen. Assem., Senate Proceedings, March 3, 1995, at 17 (statement of Senator T. Dunn)); the reference apparently was to the appellate court opinion in this case, filed August 29, 1994. Finally, a Senator speaking in support of the legislation referred to the portion of the bill extending comparative fault principles to wrongful death actions and stated, "A wrongful death action, as you know, can only be brought under current law if the decedent had a claim prior to death." 89th Ill. Gen. Assem., Senate Proceedings, March 3, 1995, at 78 (statement of Senator Cronin).

Clearly, the amendment at issue here was made in response to the appellate court's holding below and was designed to make explicit the operation of the Act in the circumstances of this case. We thus consider the legislature's action to be a clarification of the original language of the Wrongful Death Act rather than a

change in the substantive law. See *Santiago v. Kusper* (1990), 133 Ill. 2d 318, 329; *People ex rel. Spitzer v. County of La Salle* (1960), 20 Ill. 2d 18, 28.

Not only is our decision here consistent with the language of the Wrongful Death Act and with more than a century of case law, but it also avoids a number of practical difficulties that would result from a holding to the contrary. Allowing successive personal injury and wrongful death actions to be brought would cause significant problems in applying the new rule to completed and future claims. (See Note, *Torts—Wrongful Death—Action for Wrongful Death Not Extinguished by Decedent's Personal Injury Recovery—Alfone v. Sarno, 87 N.J. 99, 432 A.2d 857 (1981),* 12 Seton Hall L. Rev. 371, 387-94 (1982).) For example, under the rule proposed by the plaintiffs, settlement of a personal injury action would not bar a subsequent wrongful death action arising from the same accident, and defendants could thus be forced to relitigate claims that, in reliance on established doctrine, they had thought were already resolved. It is no answer to this concern to simply deny retroactive effect to the new rule. Although only prospective operation of a new rule like the one urged by the plaintiffs in this case can be warranted (see *Elg v. Whittington* (1987), 119 Ill. 2d 344, 357), that change has already been foreclosed by the recent amendment to the Wrongful Death Act, which, as we have noted, now precludes a wrongful death action in the circumstances here.

The plaintiffs' proposed rule would lead to other problems as well. The rule would discourage settlements in cases involving serious personal injuries, as defendants seeking to avoid the burden of successive actions would be reluctant to conclude those claims prior to the injured person's death. In the event that the parties did wish to settle the matter, there would be corresponding

difficulties in identifying and securing releases from potential beneficiaries whose claims would be extinguished. Finally, allowing successive actions would pose problems involving the duplication of damages. Because the actions would not be brought at the same time, care would have to be taken to avoid double awards for prospective earnings, which could be recovered first in a personal injury action and which might later be sought in a wrongful death action as damages for loss of support. See 4 F. Harper, F. James & O. Gray, Torts § 24.6, at 474-76 (2d ed. 1986).

The rule being proposed by the plaintiffs would ultimately result in "a new, super cause of action—one that cannot be extinguished by a settlement with the injured party during his lifetime, cannot be extinguished by satisfying a judgment awarded to the injured party during his lifetime, and cannot be defeated by the failure of the injured party to have brought suit within the statutory period during his lifetime." (*Alfone v. Sarno* (1981), 87 N.J. 99, 131, 432 A.2d 857, 874 (Clifford, J., dissenting).) We do not believe that the legislature intended to produce such an action under our Wrongful Death Act.

## II

The plaintiffs make the alternative argument that, even under the doctrine we have described, the present wrongful death action should not be considered barred. The plaintiffs maintain that the crucial fact distinguishing this case from the general rule disallowing successive personal injury and wrongful death actions is that the judgment entered in the decedent's personal injury action was not final at the time of the decedent's death because the decedent's post-trial motion challenging the verdict was then pending. The plaintiffs thus argue that they come within the requirement of the Act that the decedent must have been able to bring an action for

damages at time of death because the decedent was, in fact, maintaining such an action at that time. We do not agree.

Although the judgment entered in the decedent's favor in his personal injury action was not final and was subject to modification by the trial court, it was nonetheless a judgment, and the decedent's cause of action merged in the judgment at the time it was entered. (See *Tunnell v. Edwardsville Intelligencer, Inc.* (1968), 99 Ill. App. 2d 1, 4-6, *reversed on other grounds* (1969), 43 Ill. 2d 239.) As this case illustrates, the decedent's death following the entry of judgment and while the post-trial motion was pending did not cause the action to abate (see *In re Marriage of Davies* (1983), 95 Ill. 2d 474, 478-79); rather, the post-trial motion was later withdrawn and the defendant paid the entire amount of the verdict awarded in the decedent's personal injury action. We thus do not agree with the plaintiffs that the procedural posture of the earlier damages action removes this case from the general rule.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*