NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

               Docket No. 81621--Agenda 16--January 1997.

    JENNIFER PANKY BURRELL, Appellee, v. SOUTHERN TRUSS et al. (Wood

              River Township Hospital et al., Appellants).

                      Opinion filed April 24, 1997.

     JUSTICE MILLER delivered the opinion of the court:

     Wood River Township Hospital (Wood River), Medical

Radiological Services, Inc. (Medical Radiological), and Dr. Anthony

Marrese filed separate liens in the circuit court of Saline County

against proceeds received by plaintiff, Jennifer Panky Burrell, in

a settlement with defendants, Joel Kingston and Southern Truss.

Wood River filed its claim under the Hospital Lien Act (770 ILCS

35/0.01 et seq. (West 1992)), and Medical Radiological and Dr.

Marrese filed their separate claims under the Physicians Lien Act

(770 ILCS 80/0.01 et seq. (West 1992)). The total of these three

liens exceeded one-third of plaintiff's settlement. The circuit

court aggregated the lien claims, limited total recovery on the

liens to one-third of the settlement, and prorated the amounts to

be dispensed to the lienholders so that the total paid to the

lienholders did not exceed one-third of plaintiff's recovery. On

appeal, the appellate court affirmed the distribution to the

lienholders. 281 Ill. App. 3d 553. We granted leave to appeal (155

Ill. 2d R. 315) and now reverse the judgments of the appellate and

circuit courts.

     Plaintiff filed a complaint based on the negligent or wrongful

acts of Kingston in the course of his employment with Southern

Truss. Plaintiff later settled her claims against the defendants

for a total of $8,500. Plaintiff then filed a petition to

adjudicate certain outstanding liens, arguing that the total amount

of the liens exceeded one-third of the settlement. Three of the

plaintiff's creditors entered appearances in the proceedings. Wood

River asserted a lien in the amount of $913.65 under the Hospital

Lien Act. Medical Radiological and Dr. Marrese asserted liens in

the amount of $473 and $1,529, respectively, under the Physicians

Lien Act. The Hospital Lien Act provides that "the total amount of

all liens hereunder shall not exceed one-third of the sum paid or

due to said injured person on said claim or right of action ***."

770 ILCS 35/1 (West 1992). The Physicians Lien Act contains

identical limiting language. 770 ILCS 80/1 (West 1992). Although

the liens together exceeded one-third of plaintiff's settlement,

the total amounts claimed under each of the two lien acts did not

exceed one-third of the settlement.

     The circuit judge read the Hospital Lien Act and the

Physicians Lien Act together and limited total recovery by the

lienholders to one-third of plaintiff's settlement. The judge then

prorated each lien at 97.17% of its total--an amount that would

reduce the total of the liens so that they would not exceed one-

third of the settlement. Thus, Wood River's lien was reduced by

$25.86, Medical Radiological's lien was reduced by $13.39, and Dr.

Marrese's lien was reduced by $43.28.

     Wood River and Medical Radiological appealed, arguing that the

Hospital Lien Act and Physicians Lien Act each create distinct

liens and that there exists a separate right under each act to a

maximum of one-third of plaintiff's settlement. The appellate court

disagreed and affirmed the decision of the circuit court. 281 Ill.

App. 3d at 558. The appellate court noted the similarity of the

language in the different lien acts and believed that the intent of

the legislature and the practical application of the statutes were

furthered by reading the statutes together. 281 Ill. App. 3d at

556-57. Like the circuit court, the appellate court limited

recovery on the total of all liens under the hospital and

physicians lien acts to a maximum of one-third of the plaintiff's

recovery.

      In construing a statute, courts are required to ascertain and

give effect to the intent of the legislature. Varelis v.

Northwestern Memorial Hospital, 167 Ill. 2d 449, 454 (1995). Courts

should first look to the language of the statute to determine the

intent of the drafters. Nottage v. Jeka, 172 Ill. 2d 386, 392

(1996). When the statutory language is clear, no resort is

necessary to other aids of construction. Henry v. St. John's

Hospital, 138 Ill. 2d 533, 541 (1990). We must determine in this

case whether the hospital and physicians lien acts limit the

recovery of all lienholders under these acts to a combined one-

third of plaintiff's recovery, or whether the statutes simply limit

recovery under each individual lien act to one-third of plaintiff's

recovery.

     As we have noted, the Hospital Lien Act provides that "the

total amount of all liens hereunder shall not exceed one-third of

the sum paid or due to said injured person on said claim or right

of action ***." 770 ILCS 35/1 (West 1992). The Physicians Lien Act

contains the same language. 770 ILCS 80/1 (West 1992). Unlike the

courts below, we believe that the plain language of these statutes

limits application of the one-third maximum to each individual act

and requires aggregation of only those liens filed under that

particular act. We agree with the lienholders that the phrase "all

liens hereunder," in limiting the amount of liens that may be

asserted against a single recovery, refers only to liens filed

under each act, and does not include liens that are asserted under

separate provisions. To hold otherwise, as plaintiff suggests,

would require us to read into the statutes an additional limitation

that the legislature did not include.

     This interpretation of the statutory language conforms to the

long standing construction the appellate court has given this

language. Wheaton v. Department of Public Aid, 92 Ill. App. 3d 1084

(1981), dealt with a fact pattern almost identical with the present

case. In Wheaton, one claimant filed a lien under the Hospital Lien

Act and two other claimants filed liens under the Physicians Lien

Act. Wheaton, 92 Ill. App. 3d at 1085. The amount claimed under

each act was less than one-third of plaintiff's settlement, but the

total amount asserted under the two acts, together, exceeded one-

third of the settlement. Wheaton, 92 Ill. App. 3d at 1086-87. The

appellate court held that the amounts of the hospital's and

physicians' liens could not be reduced as long as the total amount

of the liens filed under each separate act did not exceed one-third

of plaintiff's recovery. Wheaton, 92 Ill. App. 3d at 1086.

     The same rationale has been followed by every court deciding

the issue until the present case. See, e.g., Illini Hospital v.

Bates, 135 Ill. App. 3d 732, 734 (1985) (language of the statute is

clear and the allowance of liens under the Hospital Lien Act is

mandatory provided it does not exceed one-third of the total

recovery); In re Estate of McMillan, 115 Ill. App. 3d 1022, 1026

(1983) (in light of the plain language of section 1 of the Hospital

Lien Act, reduction of hospital's lien appropriate only if lien

exceeds one-third of settlement); O'Donnell v. Sears, Roebuck &

Co., 71 Ill. App. 3d 1, 13 (1979) (under the Hospital Lien Act, the

court is charged with the responsibility of adjudicating and

enforcing hospital liens pursuant to a mechanical "one-third of

proceeds" formula).

     Although we rest our decision on the plain language of the

statutes at issue here, we note that our interpretation is

consistent with the legislative history of related provisions.

There are five other separate acts providing for liens in favor of

health-care providers in Illinois. These additional lien acts

govern dentists (770 ILCS 20/0.01 et seq. (West 1992)), physical

therapists (770 ILCS 75/1 et seq. (West 1992)), home health care

agencies (770 ILCS 25/1 et seq. (West 1992)), clinical

psychologists (770 ILCS 10/0.01 et seq. (West 1992)), and emergency

medical services personnel (770 ILCS 22/1 et seq. (West 1992)). All

the acts except the one applicable to dentists were enacted after

the Wheaton decision. "Where statutes are enacted after judicial

opinions are published, it must be presumed that the legislature

acted with knowledge of the prevailing case law." People v.

Hickman, 163 Ill. 2d 250, 262 (1994). We may thus assume that the

legislature was aware of, and approved, Wheaton's construction when

it enacted the other lien statutes and continued to use the phrase

"all liens hereunder" or an equivalent expression, "all liens under

this Act," in limiting the amount that may be received under each

act to one-third of the plaintiff's recovery.

     Further support for our holding may be found in the

legislative history of one of the post-Wheaton statutes, the Home

Health Agency Lien Act. Like the provisions applicable to

physicians and hospitals, at issue here, the Home Health Agency

Lien Act uses the phrase "all liens hereunder" in limiting the

amount that may be asserted under that statute against a single

recovery. During debate on the act, there was discussion regarding

the distribution of a recovery when the liens of different types of

health-care providers exceed the money available. 84th Ill. Gen.

Assem., House Proceedings, June 20, 1985, at 323-24. Representative

Johnson, explaining that he wished to establish legislative intent,

offered an example in which, after the attorney's lien had been

deducted, $60,000 remained of an initial $100,000 recovery and

separate sums of $30,000 were claimed under the hospital,

physicians, and home health care lien acts. 84th Ill. Gen. Assem.,

House Proceedings, June 20, 1985, at 323-24 (statements of

Representative Johnson). In response to questions from

Representative Johnson, Representative Levin affirmed that all the

liens should be treated "on the same footing," to use

Representative Johnson's phrase, and reduced on a prorated basis so

that each of the three lien categories would be entitled to $20,000

of the $60,000 remaining from the recovery. 84th Ill. Gen. Assem.,

House Proceedings, June 20, 1985, at 324 (statements of

Representatives Johnson and Levin). As these remarks demonstrate,

the amount claimed under each lien act in the example is for less

than one-third of the settlement. After adjudication, however, the

lienholders' total recovery would equal an amount that represents

60% of the total settlement, exceeding one-third of the settlement.

     For the foregoing reasons, we conclude that the Hospital Lien

Act and the Physicians Lien Act provide for separate liens, with

the total amounts that may be claimed under each act limited to

one-third of plaintiff's settlement. We therefore reverse the

judgments of the appellate and circuit courts and remand the cause

to the circuit court of Saline County for entry of judgment

consistent with this opinion.

Appellate court judgment reversed;

                                         circuit court judgment reversed;

                                                          cause remanded.

                                                                         

     JUSTICE HARRISON, dissenting:

     I was against granting the petition for leave to appeal in

this case, and I still think review by this court was

inappropriate. The court's decision today does not award Wood

River, Medical Radiological, or Dr. Marrese a single penny more

than they were otherwise entitled to. It merely makes it easier for

them to collect the amount plaintiff already owes by increasing

their statutory lien rights against her settlement proceeds. The

increase for all three health care providers totals all of $82.53.

     Eighty-two dollars and fifty-three cents in additional lien

rights for three providers for four years of litigation. That is

all this case is or was ever about. What this shows to me is that

there is no amount too trivial to warrant the court's intervention

if my colleagues believe they can make the litigation process more

difficult for plaintiffs.

     Wholly aside from these considerations, I believe that the

majority's opinion is misguided. The appellate court correctly

noted that if the various liens could be aggregated, as the

majority here holds, the total lien amount could easily consume the

plaintiff's entire recovery. The plaintiff would have hired an

attorney and endured the rigors of litigation and achieved success

and be left with nothing. I share the appellate court's view that

the legislature could not have intended such an absurd and unjust

result.

     A second flaw in the majority's analysis is that it can yield

inequitable and absurd results even among the lien holders

themselves. Because the majority treats each of the lien statutes

as being independent of the others, the size of a particular health

care provider's lien may depend on the fortuity of whether the

other lien holders are governed by the same lien statute or by a

different one.

     The anomalies that can result are readily illustrated. Assume,

for example, that a plaintiff receives a $9,000 recovery and has

agreed to pay his attorney a one-third contingency fee. If the

plaintiff had a physical therapy bill of $3,000 and a bill from his

doctor for $3,000, the majority's approach would mean that the

therapist and the doctor could each assert liens for the full

amount they were owed, a total of $6,000. If, however, the

providers submitting the $3,000 bills were both doctors rather than

a doctor and a physical therapist, their combined lien rights would

be limited to $3,000, half as much. Similarly, if there were two

doctors who both had bills of $3,000 in addition to the physical

therapist with the $3,000 bill, each of the doctors would have to

accept liens for a reduced amount, while the physical therapist

would be entitled to a lien for the full $3,000.

     I can see no rational basis for such disparate results. The

appellate court's approach avoids these problems completely. The

majority's analysis simply ignores them. In so doing, it sets the

stage for inequities that the legislature could not have intended

and failed to recognize when it debated and enacted the law.

     Where the passage of a series of legislative acts results in

confusion and consequences that the General Assembly may not have

contemplated, the courts must construe the acts in such a way as to

reflect the obvious intent of the legislature and permit practical

application of the law. People ex rel. Community High School

District No. 231 v. Hupe, 2 Ill. 2d 434, 448 (1954). The appellate

court did that here. Its judgement should therefore be affirmed.

Accordingly, I dissent.