A.G. PHILLIPS, d/b/a Du Page Nuclear Medicine Clinic, Plaintiff-Appellee, v.
JEAN K. DeCARLO *et al.*, Defendants-Appellants.

Second District No. 2—97—1307

Opinion filed December 18, 1998.

Stephen J. Link and Michael J. Hennessy, both of Hennessy & Cihak, P.C.,
of Chicago, for appellants.

Phyllis J. Perko, of Law Offices of Harlovic & Perko, of West Dundee, for
appellee.

JUSTICE RATHJE delivered the opinion of the court:

Defendants, Jean K. DeCarlo, Thomas DeCarlo, and Michael J.
Hennessy, appeal the circuit court's entry of judgment in the amount
of $9,117.50 on the physician's lien of plaintiff, Dr. A.G. Phillips, d/b/a
Du Page Nuclear Medicine Clinic. We reverse the judgment and
remand the cause for further proceedings not inconsistent with our
views expressed herein.

According to the pleadings, as the result of an injury received in
an automobile accident, defendant Jean K. DeCarlo was referred for
nuclear medicine services in April 1996 to plaintiff, Dr. Phillips. On
July 29, 1997, plaintiff filed a petition pursuant to section 6 of the

Physicians Lien Act (Act) (770 ILCS 80/6 (West 1996)) to adjudicate his physician's lien for the payment of the charges arising out of those services. Plaintiff named as defendants Jean K. DeCarlo, Thomas De-Carlo, and Michael J. Hennessy, attorney for the DeCarlos. Plaintiff averred that a settlement had been made on behalf of the DeCarlos, and plaintiff initially sought to enforce a physician's lien in the amount of $9,938, including interest, on the proceeds of that settlement.

Defendants resisted the entry of judgment on the full amount claimed by plaintiff and argued that the charges were unreasonable. After a briefing by the parties and a hearing on the arguments, the trial court determined that, on the basis of existing case law, it could not consider the reasonableness of the charges giving rise to the lien and was bound to enforce the lien without any reduction. See, *e.g.,* *Burrell v. Southern Truss*, 176 Ill. 2d 171 (1997); *Wheaton v. Department of Public Aid*, 92 Ill. App. 3d 1084, 1086 (1981). On October 28, 1997, the court entered judgment for plaintiff in the amount of $9,117.50 for the services rendered, apparently declining to award interest.

On November 26, 1997, defendants presented their motion to reconsider, again urging that the physician's fees were unreasonable, and sought to have the court consider the affidavit of Dr. Charles Martinez regarding the unreasonableness of the fees. The court reluctantly concluded that it had no authority to address the question of the reasonableness of the physician's fees because it was bound by the existing case law. The court summarily denied the motion to reconsider. The court also denied plaintiff's request for attorney fees and sanctions, costs, interest, and a turnover order. Defendants timely appealed. Although plaintiff filed a notice of cross-appeal in the circuit court on January 5, 1998, based on the denial of his request for attorney fees and sanctions, plaintiff now states in his appellee's brief that he will not pursue any such issue in this court. The cross-appeal is deemed abandoned, and all issues that could have been raised by plaintiff are waived. Plaintiff has also filed a motion in this court to strike certain portions of defendants' reply brief and for other relief. This motion was taken with the case. We have considered the motion, and we deny it. However, we advise the parties that this court considers only those matters in defendants' reply brief that are supported by the record.

■ Defendants argue on appeal that the circuit court erred by entering judgment on the lien without first determining whether the charges sought by the plaintiff-physician under the Act were reasonable. Defendants' position has merit. In adjudicating a physician's lien, a trial court has the statutory authority to consider the

reasonableness of the physician's fees based on our recent decision concerning this very issue in *Temesvary v. Houdek*, 301 Ill. App. 3d 560 (1998). The question in *Temesvary* was whether a trial court has the authority to determine the reasonableness of a physician's charges prior to adjudicating the physician's lien under the Act (770 ILCS 80/0.01 *et seq.* (West 1996)). We answered in the affirmative, and *Temesvary* controls the present case.

Section 1 of the Act states in pertinent part as follows:

> "Every licensed physician practicing in this State who renders services by way of treatment to injured persons *** shall have a lien upon all claims and causes of action for the amount of his *reasonable charges* up to the date of payment of such damages.
>
> Provided, however, that the total amount of all liens hereunder shall not exceed ⅓ of the sum paid or due to the injured person on the claim or right of action ***." (Emphasis added.) 770 ILCS 80/1 (West 1996).

Dr. Phillips was the appellant in *Temesvary*. We concluded that the clear language of section 1 of the Act provided protection to the physician in the form of a physician's lien only for the reasonable amount of his charges. *Temesvary*, 301 Ill. App. 3d at 565. We further explained in detail why the cases cited in favor of the physician, such as *Burrell* and *Wheaton*, were not controlling. None of the cases cited had directly addressed the precise question of whether a trial court could consider whether the physician's fees were unreasonable in adjudicating the physician's lien. But see *In re Estate of Enloe*, 109 Ill. App. 3d 1089, 1092-93 (1982) (reviewing court considered reasonableness of hospital's charges claimed under hospital lien). Plaintiff relies on the same line of cases in the present appeal. We need not repeat our analysis of the *Burrell-Wheaton* line of cases here. We held in *Temesvary* that the clear language of section 1 of the Act gives a trial court the authority to reduce the amount of a physician's lien when it finds that the physician's charges claimed under the lien are unreasonable. *Temesvary*, 301 Ill. App. 3d at 567.

■ In response to defendants' arguments regarding the desirability of having the trial court determine the reasonableness of the physician's fees, plaintiff argues, for the first time on appeal, that a reduction in the amount of his charges under the lien could result in the unjust enrichment of defendants. This issue was not presented in the first instance to the trial court, and we deem it waived on appeal. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). Furthermore, we were cognizant of this argument in *Temesvary*, and we noted there that any unintended recovery or unjust enrichment that might accrue to other parties as a result of a reduction in the

physician's fees determined to be unreasonable is a matter for the legislature to address. *Temesvary*, 301 Ill. App. 3d at 567. We decline to address this question further.

In the instant case, defendants were deprived of an evidentiary hearing to determine whether plaintiff's fees were reasonable. We have determined that defendants are entitled to have the trial court consider the reasonableness of the fees before adjudicating the lien.

Accordingly, we reverse the judgment of the circuit court of Du Page County, and we remand the cause for further proceedings so that defendants may contest whether the amount of the fees is reasonable, and the parties may present any evidence that the trial court deems appropriate to that determination.

Reversed and remanded.

GEIGER, P.J., and INGLIS, J., concur.